IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GALAHAD SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:22-cv-330-RAH-JTA |
| TRUSTMARK NATIONAL BANK, *a foreign corporation*, and DAVE CRENSHAW, *an individually as an agent of Trustmark National Bank*, | ) ) ) ) ) ) ) ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court are the motion to dismiss and motion for sanctions[1] filed by Defendants Trustmark National Bank and Dave Crenshaw. (Doc. No. 19.) On December 5, 2023, the court held a hearing on the motions. Based on the parties' arguments and representations at the hearing and upon consideration of the parties' briefs and evidentiary submissions, it is the RECOMMENDATION OF THE MAGISTRATE JUDGE that the motions be DENIED.

      **I.**      **FACTS AND PROCEDURAL HISTORY**

On April 21, 2022, Plaintiff filed his Complaint in the Circuit Court of Butler County, Alabama, alleging breach of contract, fraud, and violation of the Fair Credit

---

[1] Defendants' filing contains two motions: one for dismissal, and one for entry of an order awarding monetary sanctions to compensate Defendants for attorneys' fees and costs incurred as a result of the discovery lapses at issue. (Doc. No. 19.)

1

Reporting Act (FCRA) in conjunction with a construction loan Defendants issued to Plaintiff. (Doc. No. 1-1.) Defendants removed the action to this court on June 1, 2022. (Doc. No. 1.)

On July 22, 2022, the parties submitted a Rule 26(f) Report of the Parties Planning Meeting. (Doc. No. 9.)  On October 20, 2022, the court entered a Uniform Scheduling Order setting the case for trial on November 6, 2023. (Doc. No. 10.) However, on May 15, 2023, the parties jointly moved for a sixty-day extension of the discovery and dispositive motion deadlines in the Uniform Scheduling Order, stating that, "[d]espite the Parties' diligent efforts, discovery will not be completed by the current discovery deadline, due to scheduling conflicts with witnesses and counsel." (Doc. No. 15 at 1-2.) The parties represented that they had not been able to complete the deposition of Plaintiff and "depositions" due to scheduling conflicts. (*Id*. at 2.) The parties also stated that "Defendants timely issued written discovery requests to Plaintiff, but Plaintiff has not yet provided responses to the written discovery requests" and that "the Parties have been engaged in some settlement negotiations and also request additional time to continue those settlement discussions." (*Id*.) The court granted the parties' motion and entered an Amended Uniform Scheduling Order on May 24, 2023. (Docs. No. 16, 17.) The Amended Uniform Scheduling Order continued the trial until February 4, 2024, and extended other deadlines, including the discovery deadline, which the court extended to August 9, 2023. (Doc. No. 17.)

After the close of the discovery deadline, on August 11, 2023, Plaintiff's then-attorney Patrick Lamont Hays, Jr., moved to withdraw, stating that "Plaintiff and counsel have a fundamental disagreement on how to proceed with the case." (Doc. No. 18.)

Shortly thereafter, <u>and also after the close of the discovery deadline</u>,[2] on August 15, 2023, Defendants filed the instant Motion to Dismiss and for Entry of Order Awarding Sanctions. (Doc. No. 19.) Defendants argue the case should be dismissed because Plaintiff failed to respond to discovery requests and failed to prosecute the action by failing entirely to sit for his deposition and to respond to Requests for Production and Interrogatories that were first propounded to Plaintiff on January 18, 2023. (Doc. No. 19.) Defendants further noted that "Plaintiff has not served any discovery, noticed any depositions, or made any Rule 26 disclosures." (*Id*. at 3.) As sanctions for Plaintiff's alleged failure to prosecute and to respond to discovery requests, Defendants seek dismissal of this action pursuant to Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure, as well as an order requiring Plaintiff to pay all fees and costs caused by his failure to respond to discovery requests and attend his deposition. (Doc. No. 19 at 6.)

On August 22, 2023, Plaintiff's counsel filed an Amended Motion to Withdraw, which was substantially identical to the original motion, except that it also stated, "Plaintiff has terminated counsel[' ]s representation on this case." (Doc. No. 20.)

---

[2] Defendants did not file this motion prior to the close of discovery, nor did they file a timely motion to compel, either of which could have mitigated Defendants' complaints that they "ha[ve] attempted to work with Plaintiff for months to obtain the discovery" without success. (Doc. No. 19 at 4.)

3

On August 25, 2023, the court granted the motions to withdraw (Docs. No. 18, 20) on the condition that, by September 8, 2023, counsel for Plaintiff was required to file a response to Defendants' Motion to Dismiss and for Entry of Order Awarding Sanctions and also file a notice of Plaintiff's address for service. (Doc. No. 21.)

On September 8, 2023, Plaintiff's counsel filed a response to Defendants' Motion to Dismiss and for Entry of Order Awarding Sanctions, arguing that the attorney/client relationship had broken down because "Plaintiff and Plaintiff's counsel had different views on how to proceed with the case." (Doc. No. 22 at 1.) Notably, Plaintiff's counsel did not attempt to parry any of Defendants' specific arguments as to the propriety of an award of sanctions by, for example, showing good cause for the delay in responding to discovery. Plaintiff's counsel acknowledged that "Plaintiff produced voluminous discovery to Plaintiff's counsel," but indicated that, "before Plaintiff's counsel could review discovery and produce [it] to [Defendants], Plaintiff retrieved all his discovery from Plaintiff's counsel and decided to terminate representation." (*Id.*) Plaintiff's counsel did not indicate how long he had the discovery in his possession. Based on the representations in the response filed by counsel for Plaintiff, it appears that Plaintiff retrieved his discovery documents around the time Plaintiff terminated the representation, which would have been <u>at or after</u> the time Defendants filed their motion to dismiss. (Doc. No. 20 (adding termination of representation as new grounds for the motion to withdraw); (Doc. No. 22 at 1 (implying that discovery had not been timely produced because, "before Plaintiff's counsel could review" and produce discovery, Plaintiff "retrieved all his discovery from Plaintiff's counsel and decided to terminate representation")). In other words, even the

4

representations from Plaintiff's former counsel do not reasonably lend themselves to the inference that discovery was delayed *because* Plaintiff retrieved his discovery materials when he terminated the representation <u>near or after</u> the close of discovery, well after the discovery was due. In addition, Plaintiff's counsel did not state that discovery had been delayed because Plaintiff himself had been slow to produce it to counsel or to otherwise cooperate with discovery.

On October 18, 2023, Plaintiff filed a *pro se* notice of appearance. (Doc. No. 24.) The United States District Judge subsequently referred the case to the undersigned for further proceedings as appropriate and vacated the Amended Uniform Scheduling Order. (Docs. No. 26, 28.)

On October 26, 2023, the undersigned entered an order setting Defendants' Motion to Dismiss and for Entry of Order Awarding Sanctions for oral argument on December 5, 2023. (Doc. No. 29.) The undersigned further ordered Plaintiff to appear in person at the oral argument and to "bring with him a copy of all discovery that is responsive to the Defendants' Requests for Production and Interrogatories." (*Id.*) That is, the undersigned did not order Plaintiff to produce those documents forthwith, but to <u>bring them to court</u> so that he could turn them over "if he is ordered to do so." (*Id.*)

On November 13, 2023, Plaintiff filed a *pro se* response (Doc. No. 31) to Defendants' Motion to Dismiss and for Entry of Order Awarding Sanctions.³ In his

---

³ Plaintiff's *pro se* response (Doc. No. 31) to Defendants' Motion to Dismiss and for Entry of Order Awarding Sanctions contains these as well as numerous other allegations of attorney misconduct that, if true, would constitute serious ethical breaches by his attorney. However, as it is not necessary at this time to consider whether Plaintiff's former counsel should himself be

response, he explained that his counsel had not informed him of the status of his case, did not timely notify him of Defendants' discovery requests, and did not notify him of any requests to schedule his deposition. (Doc. No. 31.) Plaintiff further stated that, in March 2023, he emailed his attorney to inquire about the status of his case and to ask specifically if any discovery had been propounded. (*Id.*) After receiving inadequate responses to this and follow-up email inquiries, Plaintiff met with his attorney in June 2023, when he learned of the Defendants' discovery requests and promptly set about compiling the documents and information needed to respond. (*Id.*) On July 19, 2023, Plaintiff physically delivered the discovery materials to his former counsel's office. (*Id.*) After becoming convinced that his counsel was not reviewing the discovery to produce it in a timely manner, Plaintiff terminated the representation and retrieved his discovery documents from his counsel in late July or early August 2023. (*Id.*) He then promptly sought representation by other attorneys, but those attorneys declined to represent him. (*Id.*) Therefore, he decided to represent himself. At the December 5, 2023 hearing, Plaintiff represented that he had already FedExed all his previously compiled discovery materials (over one thousand pages of documents) to Defendants' counsel, and Defendant confirmed receipt of the FedEx package.[4]

---

subject to sanctions, and as Plaintiff's former counsel is not present to respond to Plaintiff's allegations, the court will include only those allegations of misconduct that are necessary to its analysis here.

[4] Defendants' counsel represented that the discovery materials in the FedEx package did not operate as a complete response to all discovery requests. The court notes that Plaintiff had not yet been ordered to turn those materials over to Defendants and that no motion to compel had been filed or granted; nevertheless, Plaintiff did produce the documents. The court expects the parties

On December 5, 2023, the court held oral argument at which Defendants did not contest any of Plaintiff's arguments or evidence that his former attorney was the sole cause of all of the conduct of which Defendants complained in their Motion to Dismiss and for Entry of Order Awarding Sanctions. Nor did Defendants present evidence to contradict Plaintiff's evidence that he diligently worked to prosecute the case and produce discovery once he became aware of his attorney's failures in this case. Not even the filings of Plaintiff's former counsel directly contradict Plaintiff's explanation of the events that led to this discovery dispute. Under the circumstances, the court finds that Plaintiff's attorney is not only solely responsible for the discovery lapses at issue, but that he actively concealed the fact of the outstanding discovery from Plaintiff.[5] The court also finds that Plaintiff exercised adequate diligence in discovering his counsel's conduct and in attempting to comply with the outstanding discovery requests as soon as he learned of them.

## II.   DISCUSSION

Rule 37(d)(1)(3) provides for an award of attorneys' fees and expenses caused by a party's failure to respond to requests for inspection, respond to interrogatories, or attend

---

to deal in good faith with one another to create a discovery plan as they have been ordered to do, produce all discovery that they are obligated to produce, and timely complete discovery.

[5] Though the court takes the uncontradicted allegations of misconduct as true for purposes of this Recommendation, the attorney is not here to respond to the charges of misconduct, as he has already withdrawn from the case. Accordingly, this Recommendation should not be construed as an affirmative finding of attorney misconduct for purposes of disciplining or sanctioning the attorney. The court notes that, though the attorney's response to the motion to dismiss (Doc. No. 22) did not acknowledge wrongdoing, neither does it directly contradict Plaintiff's allegations of wrongdoing. Information on how to file a state bar complaint against a lawyer can be found at https://www.alabar.org/for-the-public/.

the party's own deposition, "unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Rule 37(d)(3) of the Federal Rules of Civil Procedure also provides that, for a party's failure to respond to requests for inspection, respond to interrogatories, or sit for the party's own deposition, the court may impose the sanctions provided for in Rule 37(b)(2)(A)(i)-(vi), which, in turn, provides a list of sanctions that may be entered in the process of the court "issu[ing] further just orders," including the sanction of dismissal. Fed. R. Civ. P. 37(b)(2)(A)(v). "[T]he Supreme Court has interpreted the Rule 37 requirement of a 'just' sanction to represent 'general due process restrictions on the court's discretion.'" *See Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993) (citing *Insurance Corp. of Ireland, Ltd., v. Campagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)). Thus, the party seeking dismissal as a sanction has a "substantial burden" to demonstrate that such an extreme sanction is warranted by "a clear record of delay, bad faith, or willful contempt," and that no lesser sanctions would suffice "to vindicate the relevant interests." *DeepGulf Inc. v. Moszkowski*, 333 F.R.D. 249, 255 (N.D. Fla. 2019) (citing *Watts v. Ford Motor Co.*, 648 F. App'x 970, 973 (11th Cir. 2016)).

Similarly, "the extreme sanction of dismissal" for lack of prosecution under Rule 41(b) (or under the court's inherent powers) requires a finding of willful contempt, contumaciousness, or a clear pattern of delay, as well as a finding that lesser sanctions would not suffice. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1338 (11th Cir. 2005). "Moreover, the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." *Id*.

It is undisputed that any delay or deficiency in responding to discovery was not due to any dilatory or otherwise sanctionable action by Plaintiff himself. The uncontradicted evidence before this court establishes that Plaintiff's attorney was the sole cause of the failures to comply with discovery, that Plaintiff's attorney did not inform Plaintiff of the outstanding discovery, and that Plaintiff's attorney did not timely answer Plaintiff when he asked if discovery requests were outstanding. The uncontradicted evidence also establishes that, once Plaintiff realized that discovery was outstanding, he promptly provided it to his attorney. Further, once Plaintiff realized that his attorney was not acting with due diligence to produce the discovery Plaintiff had provided, Plaintiff took prompt action to retrieve the discovery, fire his attorney, find a new attorney, and, ultimately, produce discovery and represent himself.

Plaintiff has shown good cause for the failure to comply with discovery prior to his counsel's withdrawal from this case and diligent efforts to remediate the problem. The undisputed evidence shows no culpable conduct on Plaintiff's part – no clear record of delay, willful contempt, or contumacious conduct. If Plaintiff erred, it was in relying on his attorney to fulfill the very basic tasks of representing him with diligence, ensuring compliance with court orders and the discovery rules, and truthfully keeping him apprised of the status of his case. Yet, there is nothing negligent – much less culpable – about a client relying on his attorney for exactly those things, which are essential to the job for which the attorney was hired. Plaintiff should not be penalized for relying on his attorney, especially since Plaintiff did his best to remedy the situation once it became clear that his trust was misplaced.

Because the undisputed evidence demonstrates no wrongdoing by Plaintiff and due diligence on his part once he realized that his attorney had not been forthcoming with him or ensuring the fulfillment of discovery obligations, Defendants have not met their burden to establish that they are entitled to the sanctions they request. *See Betty K*, 432 F.3d at 1338 (noting that "the harsh sanction of dismissal" under Rule 41(b) is appropriate "where a party, as distinct from counsel, is culpable"); *DeepGulf*, 333 F.R.D. at 253 (noting that the party moving for sanctions under Rule 37 "has the burden of establishing the appropriateness of a requested sanction at least by a preponderance of the evidence"); *id.* at 254 ("Because a default judgment prevents a party from having its claim or defense adjudicated on the merits, a party seeking a default judgment as a sanction has a substantial burden.").

Rather, under the circumstances, the court finds that any sanction of Plaintiff personally, and especially the harsh sanction of dismissal, would be manifestly unjust, as would be an order requiring Plaintiff to pay costs and attorneys' fees that Defendants incurred through no fault of Plaintiff.[6] *See* Fed. R. Civ. P. 37(b),(d)(3) (providing for dismissal as a sanction within the context of "issu[ing] further *just* orders" (emphasis added)); Fed R. Civ. P. 37(d)(3) (providing for an award of attorneys' fees and expenses caused by a failure to participate in discovery "unless … other circumstances make an

---

[6] Defendants did not move the court to separately sanction Plaintiff's counsel, whose misrepresentations resulted in scheduling and cancelling Plaintiff's deposition without Plaintiff's knowledge. They also did not move to compel discovery prior to the close of the discovery, which would have brought these issues to the court's (and likely Plaintiff's) attention sooner. Had they moved to compel in a timely fashion, this case might well be on track for the trial date previously scheduled.

award of expenses unjust"); *Betty K*, 432 F.3d t 1339 ("Our case law has articulated with crystalline clarity the outer boundary of the district court's discretion in" determining whether to impose sanctions under Rule 41(b): "dismissal with prejudice is plainly improper unless and until the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct"); *Malautea*, 987 F.2d 1536, 1542 (11th Cir. 1993) (holding that the "severe sanction of a dismissal or default judgment" as a discovery sanction under Rule 37(b) is "appropriate only as a last resort" and "requires a willful or bad faith failure to obey a discovery order" and that "[v]iolation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal").

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION OF THE MAGISTRATE JUDGE that that Defendants' Motion to Dismiss and Motion Entry of Order Awarding Sanctions (Doc. No. 19) be DENIED.

The Clerk of the Court is DIRECTED to serve a copy of this Recommendation on Plaintiff's former counsel, Patrick Lamont Hays, Jr., by certified mail at his address of record. Service of this Recommendation is solely to notify Mr. Hays of its contents. This Recommendation does not operate as an affirmative finding of attorney misconduct for purposes of disciplining or sanctioning Mr. Hays. A response to this Recommendation from Mr. Hays is not necessary.

Further, it is ORDERED that the *parties* shall file any objections to this Recommendation on or before **December 26, 2023**.  A party must specifically identify the

factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 8th day of December, 2023.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE