IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GALAHAD SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| TRUSTMARK NATIONAL BANK; DAVE CRENSHAW; AND FICTITIOUS DEFENDANTS "A," "B," AND "C," | ) No. 2:22-cv-00330-WKW-JTA ) ) Demand for Jury trial ) ) ) |
| Defendants. | ) |

RECEIVED
2024 JAN 31 P 2:44
TREY GRANGER, CLK
U.S. DISTRICT COURT

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**COMPLAINT**
**STATEMENT OF THE PARTIES**

1. Plaintiff Galahad Smith ("Plaintiff") is an individual over the age of nineteen (19) and a resident of Butler County, Alabama.

2. Defendant Trustmark National Bank is a foreign corporation doing business in Butler County, Alabama.

3. Defendant Dave Crenshaw is an individual over the age of nineteen (19), a resident of Butler County, Alabama, and is an agent of Trustmark National Bank.

4. Fictitious Defendants "A", "B", and "C", whether singular or plural, are those other persons, firms, corporation, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

5. Named and Fictitious Defendants are hereafter known collectively as "Defendants."

## STATEMENT OF THE FACTS

7.   On or about September 2018, a construction loan was obtained by Plaintiff from Defendants, with a commitment for permanent financing upon completion of construction.

8.   The Defendant indicated, prior to signing the construction loan documents, the Defendants would finance eighty percent (80%) of the appraised value of the completed home.

9.   A monthly construction draw schedule was provided for Plaintiff's use.

10.   This schedule listed the loan amount available as $327,200.00, which is exactly eithy percent (80%) of the appraised value of the home. As construction neared completion, the rate was locked in at 3.5%.

11.   On or about January 2020, Plaintiff requested a draw for the completion of the home. The Defendants verbally denied the advance, and stated all funding had been disbursed, and Defendants would **not** finance eighty percent (80%) as the construction draw schedule indicated.

12.   Plaintiff then repeatedly requested the funds of eighty percent (80%) ($327,200.00) for use in the completion of the home. The request was denied without any reason other than to say an error had been made initially on the document by Defendant.

13. Plaintiff was forced to complete the construction with his own funding at the time when the COVID pandemic was at its peak. This shortfall of expected funding subsequently created significant financial hardship.

14. Defendant undervalued the home by a substantial amount. The appraiser, who was engaged by Defendants, devalued the property.

15. Defendants refused to correct the appraisal when disputed in writing by Plaintiff.

16. The Defendants appraisal was $409,000.00. In stark contrast to this was the value listed on the additional appraisal obtained by the Plaintiff from a different licensed appraiser, for the amount of $689,500.00. The appraisal obtained by Plaintiff was 69% higher.

17. The construction loan matured on April 24, 2020, but because of the pandemic, Defendant's mortgage department was working from home and was delayed in processing all closings. The Defendants underwriters worked on closing the loan through June of 2020.

18. This was two months after the maturity date of the loan. Near the end of June, Defendants notified Plaintiff in writing, that the Fannie Mae loan was denied, after being locked in.

19. The defendant's reason for denial of the permanent financing, was the credit report indicated a loan forbearance. There was no loan forbearance on the credit report, only a

footnote that stated affected by a national declared emergency. This was in reference to the notes that had been affected as a covid accommodation.

20. Upon denial of the Fannie Mae loan, Defendants then simply modified the construction loan and termed it out at a higher interest rate.

21. It took Defendant's underwriters an additional one and a half months to prepare the documents for closing. Plaintiff paid interest for the construction loan for the three months between when the construction loan matured and when the loan was termed out.

22. The modified loan was closed on August 25, 2020. Plaintiff immediately began to search for alternate financing, as the terms and interest rate of the in-house mortgage was unacceptable and unsustainable. A mortgage company was selected, with a promised rate of 2.75%.

23. After the application process had begun, a credit report was pulled which indicated that the Defendants had reported the three months between the construction loan maturity date and the date of closing of the permanent financing as missed payments, even though the interest was paid.

24. This negative reporting by the Defendants prevented the refinancing of the home at the 2.75% rate. Plaintiff immediately contacted in writing and in person, Defendant Dave

Crenshaw, the local branch president, regarding the negative reports. Defendant Crenshaw stated that he would not remove the negative reports.

## COUNT ONE
## BREACH OF CONTRACT

25.    The allegations of all prior paragraphs are incorporated herein as though set forth again in full.

26.    Plaintiff and Defendant entered into a contract as set out above.

27.    Plaintiff fulfilled his obligations of the contract by paying for the services to be performed.

28.    Defendant failed to provide the services as agreed on in the contract.

29.    Plaintiff has been harmed by this failure.

30.    As a result of said conduct, Plaintiff was damaged. Such damage including monetary, mental anguish, and emotional distress.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the defendants for such an amount jury may award damages pursuant to Alabama law, together with interest and the cost of this proceeding.

## COUNT TWO
### FRAUD

31. Plaintiff re-alleges all prior paragraphs of this complaint as if fully set out herin.

32. At the aforesaid time and place, Defendants negligently made the aforementioned misrepresentations and/or negligently concealed the material facts relating to the terms of the loan.

33. Plaintiff relied upon the representations made by the Defendants.

34. Defendants breached their agreement with the Plaintiff.

35. As a result of said conduct, Plaintiff was damaged, such damage as set out in paragraph 30.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory damages,(including mental anguish or emotional distress), court costs, attorney's fees, and such other and further relief as a jury may award and this Court may deem just and proper.

## COUNT THREE
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA)

36. Plaintiff re-alleges all prior paragraphs of this complaint as if fully set out herein.

37.     Trustmark National Bank willfully or negligently failed to comply with its responsibilities under the FCRA found a 15 U.S.C. § 1681s-2(b) by initially failing to conduct a timely investigation with respect to the disputed information contained in Plaintiff's credit reports after receiving notice of the disputes by Plaintiff.

WHEREFORE, PREMISES CONSIDERED, as a result of Defendant's willful or negligent failure to comply with the FCRA, Plaintiff is entitled to compensation for his damages as alleged above in paragraph 30, punitive damages (upon determination of a willful violation), and reimbursement of reasonable attorney fees and costs under 15 U.S.C §1681 n/o.

## COUNT FOUR
## VIOLATION OF EQUAL CREDIT OPPORTUNITY ACT (ECOA)

38.     Plaintiff re-alleges all prior paragraphs of this complaint as if fully set out herein.

39.     Trustmark National Bank willfully or negligently failed to comply with its responsibilities under the ECOA found at 12 CFR PART 1002 EQUAL CREDIT OPPORTUNITY ACT (REGULATION B) § 1002.9 by failing to provide notice of adverse action taken.

WHEREFORE PREMISES CONSIDERED, as a result of defendants willful or negligent failure to comply with ECOA, Plaintiff is entitled to compensation for his damages as alleged above

in paragraph 30, punitive damages (upon determination of a willful violation), and

reimbursement of reasonable attorney fees and costs under 15 U.S. Code §1691e(a).

### COUNT FIVE
### NEGLIGENT BREACH OF CONTRACT

40. Plaintiff re-alleges all prior paragraphs of this complaint as if fully set out herein.

41. Plaintiff and Defendant entered into a contract for Defendant to provide permanent financing at the rate of 3.5%.

42. Plaintiff fulfilled his obligations.

43. Defendants failed to furnish the permanent financing as agreed.

44. As a result of said conduct, Plaintiff has been harmed with such damage as set forth in paragraph 30.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory damages, (including mental anguish or emotional distress), court costs, attorney's fees, and such other and further relief as a jury may award and this Court may deem just and proper.

*[signature: Galahad Smith]*

GALAHAD SMITH
*Plaintiff pro se*

Galahad Smith
P.O. Box 752
Greenville, AL  36037
(334)657-9057
galahad@southlandbuilders.net

****JURY TRIAL DEMANDED****

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and forgoing document upon the following parties and/or attorneys via United State Postal Service and via email on this 31st day of January, 2024:

### ATTORNEYS FOR DEFENDANT

George R. Parker
Bradley Arant Boult Cummings, LLP
RSA Dexter Avenue Building
445 Dexter Avenue, Suite 9075
Montgomery, AL  36104
Ph. 334.956.7700
Fax 334.956.7701
gparker@bradley.com


Hallman B. Eady
Bradley Arant Bould Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203
Ph. 205.521.8000
Fax 205.521.8800
heady@bradley.com


Grant A. Premo
Bradley Arant Bould Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203
Ph. 205.521.8000
Fax 205.521.8800
gpremo@bradley.com

*Malakad Smith*
_____
Plaintiff pro se