IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GALAHAD SMITH, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TRUSTMARK NATIONAL BANK, ) <br> et al., ) <br> ) <br>    Defendants. ) | CASE NO. 2:22-cv-330-RAH-JTA <br> (WO) |

## ORDER

This matter is before the court on the plaintiff's motion to compel (Doc. No. 42), the defendants' response thereto (Doc. No. 44), and the plaintiff's reply (Doc. No. 45). On May 20, 2024, the court heard oral argument by telephone on this motion. (*See* Doc. No. 49.) For the reasons that follow, the court finds that the motion is due to be denied.

### I. BACKGROUND

The plaintiff alleges five claims against the defendants in this action. (Doc. No. 40.) Specifically, the plaintiff alleges a breach of contract claim based on a construction loan, a fraud claim based on the construction loan, a claim under the Fair Credit Reporting Act based on disputed information contained in the plaintiff's credit report, a claim under the Equal Credit Opportunity Act based on negative information in the plaintiff's credit report, and a negligent breach of contract claim based on the defendants' failure to provide a locked-in finance rate of 3.5% on a permanent financing mortgage. (*Id.*)

The plaintiff propounded discovery on the defendants and the defendants responded.

The plaintiff asserts that the defendants have not "correctly" answered four interrogatories and failed to produce discovery on four requests for production. (Doc. No. 42.) The defendants respond that they have complied with their discovery obligations and oppose the motion to compel. (Doc. No. 44.)

## II.   ANALYSIS

Federal Rule of Civil Procedure 26 defines the general scope of discovery in the federal courts. Rule 26 permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Rule 26 requires the court to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." (*Id.*) The opposing party must show "either that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26 or (2) is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosure." *Milinazzo v. State Farm Ins., Co.* 247 F.R.D. 691, 695 (S.D. Fla. 2007); *see also Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000) ("The party resisting production bears the burden of establishing lack of relevance or undue burden in supplying the requested information.").

"Relevance in the context of discovery 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on,

2

any issue that is or may be in the case.'" *Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271, 1276 (11th Cir. 2021) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). The question of whether material is "'relevant' for discovery purposes is ultimately a fact-specific inquiry . . . [and the court has] a broad range of discretion to determine relevance." *Dees v Hyundai Motor Mfg. Ala., LLC*, 524 F. Supp. 2d 1348, 1350 (M.D. Ala. 2007) (internal citations omitted). "[S]ince the Rules strongly favor full discovery whenever possible, a civil litigant is generally entitled to any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence." *Akridge*, 1 F.4th at 1276 (internal quotations and citations omitted). But "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Rule 37(a)(3)(A) provides "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). A Rule 37 motion can be made if "a party fails to answer an interrogatory submitted under Rule 33[,]" or if "a party fails to produce documents" as requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). An incomplete disclosure, answer or response to a discovery request is treated as a failure to disclose, answer or respond. Fed. R. Civ. P. 37(a)(4). Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

Here, the defendants have satisfied their burden of demonstrating that the information sought is not relevant to the claims or defenses in this case, or disproportionate to the needs of the case. As to the four interrogatories at issue, the defendants have shown that they provided the identity of the decision makers in the four categories listed under interrogatory number 1 and they provided a Statement of Credit Denial as requested in interrogatory number 5.[1] The additional information sought by the plaintiff in the remaining interrogatories and requests for production is not relevant to the claims in this case nor is disclosure of the information proportional to the needs of the case.[2] *See* Fed. R. Civ. P. 26(b)(1). It is unclear to the court how the information sought is related to the claims or defenses in this action and the plaintiff has failed to establish this vital connection. The court therefore finds that the plaintiff is not entitled to obtain this information through discovery. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii) (the court can limit

---

[1] Interrogatory number 5 requested, "What credit granting standard or guideline disqualified the permanent financing and/*or was the direct reason that this loan (no. 4186991) was denied*. …" (*See* Doc. No. 42 at 9.) It is undisputed that the defendants provided the direct reason why the loan at issue was denied in the Statement of Credit Denial. (*Id*.) The same reason applies to request for production number 11. (Doc. No. 42 at 19.)

2 As the defendants point out, the plaintiff has not made a claim relating to the recording of the construction loan, so the information sought in interrogatory number 18 (i.e., the name of the person responsible for filing the construction mortgage at the county probate office) is not relevant to the claims or defenses in this action. (*See* Doc. No. 42 at 16.) Neither is "proof of all training" of all employees during 2018-2020, as sought in requests for production numbers 1 and 2, nor a report for "all construction loans or permanent new home loans" for 2018-2020, as sought in request for production number 14, relevant to the claims in this action. (*See* Doc. No. 42 at 16, 23.) Further, the court has weighed the potential scope of a search for all of this information against the need for the information and finds that the plaintiff's requests are disproportionate to the needs of this case. See Fed. R. Civ. P. 26(b)(1).

discovery if it determines that the "proposed discovery is outside the scope permitted by Rule 26(b)(1)").

Furthermore, Rule 37 provides that the court must award costs to the successful party, after both parties have had an opportunity to be heard, on a motion to compel. The court may only decline to do so in certain enumerated circumstances. If the Court grants the motion to compel, these exceptions include "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). Meanwhile, if the Court denies the motion to compel, "[T]he court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

Though Rule 37 mandates an award of costs to the prevailing party on a motion to compel, the undersigned finds that an award of expenses would be unjust. *See* Fed. R. Civ. P. 37(a)(5). While the plaintiff's motion was not substantially meritless, said motion was otherwise within the confines of the Federal Rules of Civil Procedure. It would, consequently, be unjust to award the defendants expenses on this motion. *Id.*

### III. CONCLUSION

Accordingly, it is ORDERED that Plaintiff's motion to compel (Doc. No. 42) is DENIED.

DONE this 22nd day of May, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE